Per Curiam.

Absent a showing that the Police Department of the City of New York is staffed by duly qualified criminalist experts in the fields of microscopy and loeksmithing who in the day-by-day routine, law-enforcement business of the Police Department regularly make written records of their observations, studies and opinions as to the methods and means by which reported burglaries are effected in the City of New York, it was error to receive in evidence, over specific objections, a written record of the Police Department of the City of New York purporting to set forth the opinions of a member of the Police Department, not shown to be a criminalist expert in the specialized fields of knowledge involved, based on observations and studies of an unauthenticated lock, necessitating a special *910 ized knowledge and training in the fields of microscopy and locksmithing. The trial court’s singular reliance on this improperly admitted record, in resolving the close question of fact at issue, i.e., the existence of visible marks of forcible entry, requires a new trial. The judgment in favor of plaintiff should be reversed and a new trial ordered, with $30 costs to appellant.
Concur — Quinn, J. P., Gold and Streit, JJ.
Judgment reversed, etc.